## BELL *v.* NOONAN and others.

*(Circuit Court, N. D. Iowa, C. D.* January Term, 1884.)

REMOVAL OF CAUSE—ACTION BY ASSIGNEE.

Though the assignee of a chose in action cannot sue originally in the federal courts unless his assignor could have done so, he can accomplish the same result by bringing his action in the state court and removing it thence to the federal court.

Motion to Remand.

*Duncombe & Clarke* and *Harrison & Jenswold,* for plaintiff.

*Soper, Crawford & Carr* and *Geo. E. Clark,* for defendants.

SHIRAS, J. On the twenty-seventh of December, 1882, the defendants M. F. Noonan and Patrick Nolan entered into a written contract with one W. H. Godair, whereby defendants agreed to deliver to the order of said Godair, on the second or third day of April 1883, 300 head of cattle, at Emmettsburg, Iowa. The cattle were not delivered and Godair sold and assigned the contract to James Bell, the present plaintiff, who was then and is now a citizen of the state of Illinois. Godair, the assignor, and the defendants were at the date of the contract, and are now, citizens of Iowa. Bell brought an action against the defendants in the district court of Palo Alto county, Iowa, to recover the damages alleged to have been caused by the failure to deliver the cattle according to the terms of the contract. Defendants filed an answer denying that there had been a breach of contract upon their part, and averring that Godair had failed to perform the conditions of the contract upon his part, and that thereby they were excused from performance upon their part. Thereupon plaintiff filed a petition for the removal of the case into this court, upon the ground that he was a citizen of Illinois and the defendants were citizens of Iowa, and that by reason of local prejudice he could not obtain a fair trial in the state court. The proper petition, affidavit, and bond conforming to the requirements of the act of 1867 were filed, and the state court ordered the case to be removed. The record having been filed in this court, the defendants move to remand the same to the state court, on the ground that the plaintiff is seeking to maintain an action upon a contract as an assignee thereof, and that as his assignor, Godair, could not himself have brought the action originally or by removal into the federal court, therefore his assignee could not do so, and in support of this position defendants cite the case of *Berger* v. *Co. Com'rs,* 2 McCrary 483; [S. C. 5 FED. REP. 23.] In that case the right of removal was asserted under the act of 1875, and his honor, the circuit judge, held that the provision found in the first section of the act, which declares that neither the circuit nor district court shall "have cognizance of any suit founded on contract in favor of an assignee, unless a suit might be prosecuted in such court to recover thereon, in case no assignment had been made, ex-

cept in cases of promissory notes negotiable by the law-merchant and bills of exchange," should be read in connection with the second section providing for removal of cases; and so, construing the same, the result was that a removal could not be had under that act in a case where a plaintiff was an assignee, unless his assignor might have brought suit in the federal court.

The removal in the present case was sought, not under the provisions of the act of 1875, but under the act of 1867, as embodied in subdivision 3 of section 639 of the Revised Statues. This subdivision was not repealed by the passage of the act of March 3, 1875. *Miller* v. *C., B. & Q. R. Co.* 3 McCrary, 460; [S. C. 17 FED. REP. 97.] It remains in full force; and the question now presented and to be decided is whether, under its provisions, an assignee of a contract who is a citizen of a state other than that of which the defendants are citizens, and who has brought an action upon the contract for a sum exceeding $500, in a state court, can remove the same into the federal court when it appears that plaintiff's assignor is and has been from the date of the contract a citizen of the same state with defendants.

In the case of *City of Lexington* v. *Butler*, 14 Wall. 282, the supreme court held that the act of 1867 was not controlled or restricted by the provision found in the eleventh section of the judiciary act, to the effect "that no circuit court shall have cognizance of any suit to recover the contents of any promissory note or other chose in action, in favor of an assignee, unless such suit may have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange." The court ruled that "suits may properly be removed from a state court into the circuit court, in cases where the jurisdiction of the circuit court, if the suit had been originally commenced there, could not have been sustained, as the twelfth section of the judiciary act does not contain any such restriction as that contained in the eleventh section of the act defining the original jurisdiction of the circuit courts. Since the decision in the case of *Bushnell* v. *Kennedy*, 9 Wall. 387, all doubt upon the subject is removed, as it is there expressly determined that the restriction incorporated in the eleventh section of the judiciary act, has no application to cases removed into the circuit court from a state court; and it is quite clear that the same rule must be applied in the construction of the subsequent acts of congress extending that privilege to other suitors not embraced in twelfth section of the judiciary act. Such a privilege was extended by the twelfth section of the judiciary act only to an alien defendant and to a defendant, citizen of another state, when sued by a citizen of the state in which the suit was brought; but the privilege was much enlarged by subsequent acts, and the act in question extends it to a plaintiff as well as to a defendant," etc. The court held that under the act of 1867 the case was properly removable, even though plaintiffs therein should

be held to be the assignee of the Lexington and Big Sandy Railroad Company, the payee and original owner of the bonds sued on; the said railroad company and the defendant, the city of Lexington, being both corporations created under the laws of the state of Kentucky.

If then, as is held in that case, the restriction in the judiciary act, declaring that the circuit court shall not have cognizance of any suit on *a chose in action,* in favor of an assignee, unless the assignor could have maintained the action, is not applicable to the removal act of 1867, but, under its provisions, an assignee might remove a cause, although his assignor was a citizen of the same state as was the defendant, no good reason is perceived why the same rule should not apply to the present case. The first section of the act of 1875 is almost identical in point of language with the judiciary act, and, if the latter act did not control or restrict a removal under the act of 1867, I do not see how it can be well held that the act of 1875 has that effect.

Under the rule laid down in *City of Lexington* v. *Butler,* it follows that the case was properly removed, and the motion to remand must be overruled.

———

Since the foregoing opinion was written the decision of the supreme court in case of *Claflin* v. *Ins. Co.* has been announced, wherein it is held that the provisions of the first section of the act of 1875 does not limit or control the right of removal conferred by the second section of the act; and that an assignee of a *chose in action* might remove a cause from the state court, although he could not have originally sustained an action in the United States court. See *Claflin* v. *Ins. Co.* 3 Sup. Ct. Rep. 507.